UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KENNETH E. HOLLOWAY, )<br>    *Plaintiff*, )<br> )<br>    *vs*. )<br> )<br>CAROLYN W. COLVIN, *Acting Commissioner* )<br>*of the Social Security Administration*, )<br>    *Defendant*. ) | 1:12-cv-576-JMS-DKL |

### ORDER

Presently pending before the Court is Plaintiff Kenneth E. Holloway's Motion for Attorney's Fees under the Equal Access to Justice Act ("EAJA"). [Dkt. 28.] Counsel requests an award of $2,952.88 for legal services rendered in this action, which culminated in the Court granting Defendant Commissioner of the Social Security Administration's (the "Commissioner") Motion to Remand after the Commissioner determined that portions of the transcript from Mr. Holloway's hearing were missing and could not be located. [Dkts. 24; 25.]

**A. Procedural History**

On May 5, 2012, Mr. Holloway asked this Court to review the administrative decision of the Social Security Administration denying his application for benefits. [Dkt. 1.] The Commissioner filed its Answer and a two-volume transcript of the administrative proceedings on July 13, 2012. [Dkts. 13; 14.]

On October 22, 2012, Mr. Holloway filed a Motion to Remand this action to the Social Security Administration to Obtain a Complete Record. [Dkt. 20.] Specifically, Mr. Holloway noted that significant portions of the testimony from his hearing before the ALJ were not included in the administrative record, and "[j]udicial review of this case cannot proceed until the record

is complete." [Dkt. 20 at 1-2 ¶¶ 4-5.] Accordingly, Mr. Holloway requested that this action be remanded for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). [*Id.* at 2.]

In response, the Commissioner argued that Mr. Holloway's motion was premature because the record was not actually lost. [Dkt. 21 at 2.] The Commissioner simultaneously requested additional time to file a supplemental transcript, [dkt. 22], and noted that if it was unable to produce the missing pages by that date, it would immediately request a remand under sentence six of 42 U.S.C. § 405(g), [dkt. 21 at 3]. The Commissioner pointed out that "procedural difficulties, such as missing transcript pages, necessitate a request for remand pursuant to sentence six, not sentence four as [Mr. Holloway] suggests." [*Id.* at 1-2.] The Court granted the Commissioner's request for an extension of time, and ordered it to file a supplemental transcript by November 19, 2012. [Dkt. 23.]

On the date the supplemental transcript was due, the Commissioner filed a Motion to Remand, noting that "despite [its] best efforts" it "could not locate the portion of the recording of [Mr. Holloway's] hearing that contained the missing hearing testimony. Because it is now certain that the record cannot be completed, a remand pursuant to sentence four is now necessary." [Dkt. 24 at 1.] The Commissioner recognized its about-face on the sentence-four versus sentence-six remand request, concluding that "upon further consideration, the Commissioner believes that remand pursuant to sentence four is necessary . . . because an answer has already been filed in this case." [*Id.* at 2 (citing 42 U.S.C. § 405(g) ("The court may, on motion of the Commissioner of Social Security made for good cause shown *before the Commissioner files the Commissioner's answer*, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security. . . .") (sentence six) (emphasis added)).]

- 3 -

On November 27, 2012, the Court granted the Commissioner's Motion to Remand, and entered its proposed order remanding the cause pursuant to sentence four of 42 U.S.C. § 405(g), ordering the ALJ to hold a new hearing and issue a new decision on remand. [Dkt. 25.] In light of that decision, the Court denied Mr. Holloway's Motion for Remand as moot, [dkt. 26], and closed the case, [dkt. 27].

On February 23, 2013, Mr. Holloway moved for attorney's fees pursuant to the EAJA. [Dkt. 28.] He argues that in light of the sentence four remand, he is entitled to receive $2.952.88 for his legal services. [Dkt. 28 at 1; 28-1 at 1.]

The Commissioner objects to Mr. Holloway's request for attorney's fees, arguing that its position was substantially justified because it thought it could locate the missing pages and that, when it determined it could not, it sought a voluntary remand. [Dkt. 30 at 3-4.] The Commissioner further argues that if fees are appropriate, counsel is not entitled to an enhanced rate, the hours he spent were not all reasonable, the agency should not be billed for time spent on non-billable tasks, and any awarded fees should be paid directly to Mr. Holloway, not counsel. [*Id.* at 4-13.]

**B.  Sentence-Four Versus Sentence-Six Remand**

The Court remanded this case to the Social Security Administration pursuant to sentence four of 42 U.S.C. § 405(g) because at that time, both parties agreed that was the proper course of action. [Dkts. 20 at 2; 21 at 1-2.] Additional research in light of Mr. Holloway's motion for attorney's fees, however, has caused the Court to question whether a sentence-four remand was appropriate.

In cases reviewing final agency decisions on social security benefits, the methods by which district courts may remand to the Secretary are set forth in sentence four and sentence six

of 42 U.S.C. § 405(g). *Shalala v. Schaefer*, 509 U.S. 292, 296 (1993). A sentence-four remand "depends on a finding of error in the Commissioner's decision" and is appealable as a final decision. *Perlman v. Swiss Bank Corp. Comp. Dis. Protection Plan.*, 195 F.3d 975, 978 (7th Cir. 1999). But a sentence-six remand "is not final or appealable because no adjudication has taken place." *Id.* In other words, "[a] sentence-four remand concludes the litigation in the district court; any protest about the Commissioner's decision on remand requires a new suit. But a sentence-six remand works like a yo-yo; once the record has been enlarged, the district court finally decides whether the administrative decision is tenable." *Id.* A sentence-four remand terminates litigation with a victory for the plaintiff, while a sentence-six remand does not. *Shalala*, 509 U.S. at 301.

Cases that are remanded after passing on the merits of the underlying decision are remanded pursuant to sentence four of 42 U.S.C. § 405(g). *See Melkonyan v. Sullivan*, 501 U.S. 89, 98, (1991) (a court may remand a case after passing on its merits and issuing a judgment affirming, modifying, or reversing the Commissioner's decision, which is a sentence-four remand). Cases that remanded for procedural irregularities, such as a missing record, however, are remanded pursuant to sentence six. *See McCollough v. Apfel*, 95 F. Supp. 2d 956, 957 (S.D. Ind. 2000) ("When the Social Security Administration has lost a record for a case on judicial review, the usual remedy is a remand on the Commissioner's own motion 'for further action by the Commissioner. . . .'") (citing 42 U.S.C. § 405(g) (sentence six)).

Although the Commissioner initially requested a sentence-six remand, it changed its position after concluding that a sentence-six remand was inappropriate because it had already filed an answer. While it is true that sentence six contemplates the Commissioner filing a motion to remand before its answer, the Commissioner ignored that sentence three incorporates the "certified

copy of the transcript of the record including the evidence upon which the findings and decision complained of are based" "[a]s part of the Commissioner's answer." 42 U.S.C. § 405(g) (sentence three). Therefore, because the Commissioner's motion to remand was based on its inability to locate and file key portions of the transcript on which the ALJ's decision was based, the Court concludes that the Commissioner never filed an answer that complied with sentence three. Accordingly, a sentence-six remand would not have been inconsistent with the language of 42 U.S.C. § 405(g).

### C. Conclusion

For these reasons, the Court concludes that the reasons it remanded Mr. Holloway's action are more consistent with a sentence-six remand. In sentence-six cases, "the filing period [for EAJA fees] does not begin until after the post-remand proceedings are completed, the Secretary returns to court, the court enters a final judgment, and the appeal period runs." *Shalala*, 509 U.S. at 298. Accordingly, the Court **DENIES** Mr. Holloway's Motion for Attorney's Fees **WITHOUT PREJUDICE** to refile it after the post-remand proceedings are completed. [Dkt. 28.]

04/11/2013

*/s/ Jane Magnus-Stinson*
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

Thomas E. Kieper
tom.kieper@usdoj.gov

Patrick Harold Mulvany
patrick@mulvanylaw.com