UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KENNETH E. HOLLOWAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 1:12-cv-00576-JMS-DKL |
| ) | |
| CAROLYN W. COLVIN Acting ) | |
| Commissioner of the Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Presently pending before the Court is Plaintiff Kenneth E. Holloway's Motion to Amend/Correct Remand Orders. [Filing No. 36.] Mr. Holloway asks the Court to reopen this action, which the Court previously remanded to the Social Security Administration ("SSA") pursuant to 42 U.S.C. § 405(g) (sentence six). [Filing No. 35.] The Commissioner opposes his motion. [Filing No. 37.] To adequately address the merits, it is necessary to briefly summarize the procedural history of this action.

On May 5, 2012, Mr. Holloway filed his Complaint, asking this Court to review the administrative decision of the SSA denying his application for benefits. [Filing No. 1.] The Commissioner filed its Answer and a two-volume paper transcript of the administrative proceedings on July 13, 2012. [Filing No. 13; Filing No. 14.]

On October 22, 2012, Mr. Holloway filed a Motion to Remand this action to the SSA to Obtain a Complete Record. [Filing No. 20.] He noted that significant portions of the testimony from his hearing before the ALJ were not included in the administrative record and that "[j]udicial review of this case [could] not proceed until the record is complete." [Filing No. 20 at 1-2.] Mr.

Holloway requested that this action be remanded for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). [Filing No. 20 at 2.] The Court subsequently granted a request by the Commissioner for additional time to locate the transcript, but on the date the supplemental transcript was due, the Commissioner filed a Motion to Remand because "despite [its] best efforts," it "could not locate the portion of the recording of [Mr. Holloway's] hearing that contained the missing hearing testimony. Because it is now certain that the record cannot be completed, a remand pursuant to sentence four is now necessary." [Filing No. 24 at 1.]

On November 27, 2012, the Court granted the Commissioner's Motion to Remand and entered the Commissioner's proposed judgment, which remanded the case to the SSA pursuant to sentence four of 42 U.S.C. § 405(g). [Filing No. 24-2; Filing No. 25; Filing No. 27.] In light of that decision, the Court denied Mr. Holloway's Motion for Remand as moot and closed the case. [Filing No. 26; Filing No. 27].

On February 23, 2013, Mr. Holloway moved for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"). [Filing No. 28.] He argued that in light of the Court's sentence four remand, he was entitled to receive $2,952.88 for legal services on his behalf. [Filing No. 28 at 1.] The Commissioner objected to Mr. Holloway's request for attorney's fees, arguing that her position was substantially justified and challenging counsel's hourly rate. [Filing No. 30.]

On April 11, 2013, the Court entered an Order denying Mr. Holloway's request for attorney's fees. [Filing No. 35.] The Court analyzed the rationale for a sentence four versus a sentence six remand and concluded that, based on the procedural history of Mr. Holloway's action, "the reasons it remanded Mr. Holloway's action are more consistent with a sentence-six remand." [Filing No. 35 at 5.] Because the filing period for EAJA fees after a sentence six remand does not begin until after the post-remand proceedings are complete, the Court denied Mr. Holloway's

2

Motion for Attorney's fees without prejudice to refile it after the remand proceedings. [Filing No. 35 at 5 (denying Filing No. 28).] The Court did not enter an amended judgment when it issued its Order denying Mr. Holloway's request for EAJA fees.

On March 1, 2016, Mr. Holloway filed a Motion to Amend/Correct Remand Orders. [Filing No. 36.] He asserts that a new hearing was held on remand, that the Administrative Law Judge again denied his request for disability benefits, and that the Appeals Council denied his request for review on January 19, 2016. [Filing No. 36 at 2.] Mr. Holloway contends that he has timely filed the pending motion within sixty days of the decision of the Appeals Council, and he asks the Court to reopen his prior action. [Filing No. 36 at 2.]

The Commissioner opposes Mr. Holloway's motion. [Filing No. 37.] The Commissioner emphasizes that the Court's Final Judgment remanded Mr. Holloway's case pursuant to sentence four. [Filing No. 37 at 1 (citing Filing No. 27).] Thus, the Commissioner contends that Mr. Holloway must file a new action and complaint. [Filing No. 37 at 5.] In opposing Mr. Holloway's motion, the Commissioner completely ignores the Court's conclusion in denying Mr. Holloway's request for EAJA fees that the remand in this action was more consistent with sentence six, rather than sentence four. [Filing No. 35.]

Federal Rule of Civil Procedure 60(a) provides that "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment . . . on motion or on its own, with or without notice." "[I]f the flaw lies in the translation of the original meaning to the judgment, then Rule 60(a) allows a correction; but if the judgment captures the original meaning but is infected by error, then the parties must seek another source of authority to correct the mistake." *Shuffle Tech Int'l, LLC v. Wolff Gaming, Inc.*, 757 F.3d 708, 710 (7th Cir. 2014). "[A] correction authorized by Rule 60(a) may be made at any time—even years after the

3

original judgment." *Id.* at 711. "The possibility that a correction might be sought long after a final judgment is rendered creates a risk that, if made, the correction will frustrate a reliance interest generated by a reasonable reading of that original judgment." *Id.* The Court's correction of a judgment to "ma[k]e explicit what the parties must have assumed" is a proper use of Rule 60(a). *Id.* at 712.

The Court finds that the Commissioner's proposed final judgment, which the Court entered verbatim, contained an error by referencing sentence four of 42 U.S.C. § 405(g). As the Court later held, the remand at that time was actually more consistent with sentence six of 42 U.S.C. § 405(g). Because the Court conveyed that conclusion to the parties in its Order denying Mr. Holloway's Motion for EAJA Fees before the remand took place, [Filing No. 35], there is no risk that correcting the final judgment at this point will frustrate any reliance by the parties on the original, erroneous judgment. Instead, correcting the judgment will make explicit what the parties already knew, which is that the remand proceeded pursuant to sentence six.

For these reasons, the Court concludes that it is appropriate to retroactively amend its final judgment pursuant to Rule 60(a), such that the amended judgment will reflect the Court's prior conclusion that the remand was actually pursuant to sentence six of 42 U.S.C. § 405(g). Although Mr. Holloway's pending motion does not specifically ask for this relief, Rule 60(a) allows the Court to amend its judgment *sua sponte* without notice to the parties. Accordingly, the Court will issue a separate **AMENDED FINAL JUDGMENT**, effective November 27, 2012. Because a sentence six remand "works like a yo-yo" as a continuation of the prior action, *Perlman v. Swiss Bank Corp. Comprehensive Disability Prot. Plan*, 195 F.3d 975, 978 (7th Cir. 1999), the Court **GRANTS** Mr. Holloway's Motion to Amend/Correct Remand Orders, [Filing No. 36]. The Clerk is directed to **REOPEN** this action.

4

Date:  April 12, 2016

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Electronic Distribution via CM/ECF:**

Patrick Harold Mulvany
patrick@mulvanylaw.com

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov