UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KENNETH E. HOLLOWAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 1:12-cv-00576-JMS-DKL |
| ) | |
| CAROLYN W. COLVIN, Acting ) | |
| Commissioner of the Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

**ENTRY REVIEWING THE COMMISSIONER'S DECISION**

On May 7, 2008, Kenneth E. Holloway filed a claim for disability insurance benefits alleging an onset date of June 15, 2007. [Filing No. 47-8 at 123.] His claim was initially denied on September 9, 2008, and upon reconsideration on February 26, 2009. [Filing No. 47 at 16.] Administrative Law Judge ("ALJ") Ann Rybolt held a hearing on September 29, 2010, and issued a decision on November 17, 2010, finding Mr. Holloway has been disabled since February 1, 2009. [Filing No. 47-8 at 123.] Mr. Holloway appealed the decision, and the Appeals Council upheld the decision. [Filing No. 47-8 at 123.] Mr. Holloway then appealed to the district court, and on November 27, 2012, the district court issued a remand, noting that part of the hearing recording was missing. [Filing No. 25.] The Appeals Council issued an order on October 17, 2013, affirming the ALJ's conclusion that Mr. Holloway has been disabled since February 1, 2009, and vacating the ALJ's decision with respect to the issue of disability for the period of time before the established onset date of February 1, 2009. [Filing No. 47-8 at 123.]

The case was assigned to a new ALJ, but he was reassigned to other duties and unable to render a decision. [Filing No. 47-8 at 123.] The case was then reassigned to ALJ Albert J.

1

Velasquez, who held a hearing on April 14, 2015, and rendered a decision on June 9, 2015, concluding that Mr. Holloway was not disabled before the established onset date of February 1, 2009. [Filing No. 47-8 at 123-36.] The Appeals Council denied review on January 19, 2016, [Filing No. 47-8 at 112], making the ALJ's decision the Commissioner's final decision subject to judicial review, [Filing No. 47-8 at 123-36]. Mr. Holloway filed a petition to reopen the case pursuant to 42 U.S.C. § 405(g), asking this Court to review his denial of benefits. [Filing No. 36.]

## I.
### STANDARD OF REVIEW

"The Social Security Act authorizes payment of disability insurance benefits and Supplemental Security Income to individuals with disabilities." *Barnhart v. Walton*, 535 U.S. 212, 214 (2002). "The statutory definition of 'disability' has two parts. First, it requires a certain kind of inability, namely, an inability to engage in any substantial gainful activity. Second it requires an impairment, namely, a physical or mental impairment, which provides reason for the inability. The statute adds that the impairment must be one that has lasted or can be expected to last . . . not less than 12 months." *Id.* at 217.

When an applicant appeals an adverse benefits decision, this Court's role is limited to ensuring that the ALJ applied the correct legal standards and that substantial evidence exists to support the ALJ's decision. *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004) (citation omitted). For the purpose of judicial review, "[s]ubstantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quotation omitted). Because the ALJ "is in the best position to determine the credibility of witnesses," *Craft v. Astrue*, 539 F.3d 668, 678 (7th Cir. 2008), this Court must afford the ALJ's credibility determination "considerable deference," overturning it only if it is "patently wrong," *Prochaska v. Barnhart*, 454 F.3d 731, 738 (7th Cir. 2006) (quotations omitted).

The ALJ must apply the five-step inquiry set forth in 20 C.F.R. § 404.1520(a)(4)(i)-(v), evaluating the following, in sequence:

> (1) whether the claimant is currently [un]employed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets or equals one of the impairments listed by the [Commissioner]; (4) whether the claimant can perform [his] past work; and (5) whether the claimant is capable of performing work in the national economy.

*Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000) (citations omitted) (alterations in original). "If a claimant satisfies steps one, two, and three, [he] will automatically be found disabled. If a claimant satisfies steps one and two, but not three, then [he] must satisfy step four. Once step four is satisfied, the burden shifts to the SSA to establish that the claimant is capable of performing work in the national economy." *Knight v. Chater*, 55 F.3d 309, 313 (7th Cir. 1995).

After Step Three, but before Step Four, the ALJ must determine a claimant's residual functional capacity ("RFC") by evaluating "all limitations that arise from medically determinable impairments, even those that are not severe." *Villano v. Astrue*, 556 F.3d 558, 563 (7th Cir. 2009). In doing so, the ALJ "may not dismiss a line of evidence contrary to the ruling." *Id.* The ALJ uses the RFC at Step Four to determine whether the claimant can perform his own past relevant work and if not, at Step Five to determine whether the claimant can perform other work. *See* 20 C.F.R. § 416.920(e), (g). The burden of proof is on the claimant for Steps One through Four; only at Step Five does the burden shift to the Commissioner. *Clifford*, 227 F.3d at 868.

If the ALJ committed no legal error and substantial evidence exists to support the ALJ's decision, the Court must affirm the denial of benefits. *Barnett*, 381 F.3d at 668. When an ALJ's decision is not supported by substantial evidence, a remand for further proceedings is typically the appropriate remedy. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 355 (7th Cir. 2005). An

award of benefits "is appropriate only where all factual issues have been resolved and the record can yield but one supportable conclusion." *Id.* (citation omitted).

## II.
### BACKGROUND

Mr. Holloway was 46 years old at the time he applied for social security benefits. [Filing No. 1.] He has completed some high school, [Filing No. 47 at 144], and has performed past relevant work as a grocery store deli clerk, [Filing No. 47-8 at 134].[1] Mr. Holloway claims that his disability onset date was June 15, 2007, not February 1, 2009, as the ALJ determined.[2]

The ALJ followed the five-step sequential evaluation set forth by the Social Security Administration in 20 C.F.R. § 404.1520(a)(4) and ultimately concluded that Mr. Holloway was not disabled before the established onset date of February 1, 2009. [Filing No. 47-8 at 123-36.] The ALJ found as follows:

- At Step One, the ALJ found that Mr. Holloway has not engaged in substantial gainful activity since June 15, 2007. [Filing No. 47-8 at 126.]

- At Step Two, the ALJ found that Mr. Holloway had the following severe impairments during the material period: hypertension, multilevel cervical degenerative disc disease with foraminal stenosis, C8 radiculopathy, dorsal spine degenerative disc disease without stenosis, left shoulder supraspinatus tendinopathy, and a history of seizures. [Filing No. 47-8 at 126.]

---

[1] Both parties provided a detailed description of Mr. Holloway's medical history and treatment in their briefs. [Filing No. 53; Filing No. 59.] Because that discussion implicates sensitive and otherwise confidential medical information concerning Mr. Holloway, the Court will simply incorporate those facts by reference herein and only detail specific facts as necessary to address the parties' arguments.

[2] The Court will refer to the period of time between June 15, 2007 and January 31, 2009 as "the material period."

- At Step Three, the ALJ found that during the material period, Mr. Holloway did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. [Filing No. 47-8 at 126.]

- At Step Three but before Step Four, the ALJ found that during the material period, Mr. Holloway had the RFC to do a limited range of sedentary work: "The claimant could lift and carry ten pounds occasionally and five pounds frequently. The claimant could stand and walk for two hour[s] during an eight-hour day and sit for six hours during an eight-hour day. The work could require no more than occasional climbing of stairs and ramps and no climbing of ropes, ladders, or scaffolds. The claimant could occasionally balance, stoop, kneel, and crouch. The claimant could not crawl. The claimant was required to avoid work at unprotected heights and around dangerous moving machinery. The claimant could not operate a motor vehicle, or work around open flames or large bodies of water. The tasks should be such that they could be learned in thirty days or less, or by demonstration. The claimant could not work above shoulder height with the left, non-dominant hand. [Filing No. 47-8 at 127.]

- At Step Four, the ALJ found that Mr. Holloway was unable to perform any past relevant work during the material period. [Filing No. 47-8 at 134.]

- At Step Five, the ALJ determined that during the material period, Mr. Holloway was able to perform other jobs in the national economy, including assembler, machine operator, and hand packager. [Filing No. 47-8 at 136.]

Mr. Holloway asked the Appeals Council to review the ALJ's decision, but that request was denied on January 19, 2016, [Filing No. 47-8 at 112], making the ALJ's decision the

5

Commissioner's final decision subject to judicial review, [Filing No. 47-8 at 123-36]. Mr. Holloway has filed a petition to reopen this case pursuant to 42 U.S.C § 405(g), asking this Court to review his denial of benefits. [Filing No. 36.]

### III.
#### DISCUSSION

At the outset, the Court notes that on many occasions throughout his opening brief, Mr. Holloway did not clearly articulate his arguments and made boilerplate assertions without citing to the record. This made the Court's review of the issues and the record unduly burdensome. Thus, the Court will restructure the two main arguments Mr. Holloway raises as follows: (1) whether the ALJ erred in his analysis of the treating physicians' opinions, [Filing No. 53 at 16]; and (2) whether the ALJ erred when he determined that substantial evidence from the record did not support a finding of disability during the material period, [Filing No. 53 at 20]. The Court will address the issues accordingly.

**A. Physicians' Opinions**

Mr. Holloway first argues that the ALJ rejected the January 21, 2010 functional evaluation form completed by his pain management specialist, Dr. Bush, "which proved he was not able to perform any full time work." [Filing No. 53 at 16.] Mr. Holloway argues that the ALJ was playing doctor when he stated that he rejected the evaluation because "the opinion does not address the period that is prior to the established onset date of February 1, 2009." [Filing No. 53 at 16-17.] Mr. Holloway claims that the ALJ erroneously rejected the opinions of Mr. Holloway's pain management physician, Dr. Strock, who found Mr. Holloway was disabled three times, simply because he supposedly provided a checkbox-format evaluation without further explanation. [Filing No. 53 at 17.] He claims that the May 2009 form was for the Family and Medical Leave

Act ("FMLA") in order to "certify [his] need to be absent from work due to medical reasons." [Filing No. 53 at 17.]

In response, the Commissioner argues that the "ALJ reasonably considered Dr. Bush's January 2010 opinion" and that the opinion "did not address the period before the previously-established onset date of February 2009." [Filing No. 59 at 11.] The Commissioner states that Dr. Bush "gave no indication that her opinion related back to before that date." [Filing No. 59 at 11.] The Commissioner further argues that the ALJ reasonably rejected Dr. Strock's opinions from July 2007, August 2007, and May 2009. [Filing No. 59 at 12.] The Commissioner claims that "the ALJ found that Dr. Strock completed checkmark forms with no explanations as to his opinions and that his opinions were inconsistent with diagnostic and clinical findings indicating that [Mr. Holloway] had only an impaired left upper extremity." [Filing No. 59 at 12-13.] The Commissioner claims that the ALJ was entitled under the regulations to make those assessments. [Filing No. 59 at 13.] The Commissioner provides reasons based on the answers in the evaluation why the ALJ rejected Dr. Strock's medical findings, although the ALJ did not discuss these reasons in his decision. [Filing No. 59 at 13.]

In reply, Mr. Holloway claims that Dr. Thomas, one of Mr. Holloway's pain management doctors and Dr. Strock's colleague, determined on July 2007 that Mr. Holloway was totally disabled, and goes on to describe specific examples of Mr. Holloway's impairments and limitations from the evaluation. [Filing No. 60 at 3.] Dr. Strock further claims that the ALJ rejected "this evaluation by his treating physician because the ALJ's nontreating medical expert Dr. Kendrick disagreed with it." [Filing No. 60 at 3.]

An ALJ must give a treating physician's opinion controlling weight if it is both "(1) supported by medical findings; and (2) consistent with substantial evidence in the record." *Elder*

7

*v. Astrue*, 529 F.3d 408, 415 (7th Cir. 2008) (citation omitted). If the ALJ finds that the opinion is not entitled to controlling weight, the ALJ must still assess the proper weight to give to the opinion. *Id.* This involves consideration of several facts, including the "length, nature, and extent of the physician and claimant's treatment relationship, whether the physician supported his or her opinions with sufficient explanations, and whether the physician specializes in the medical conditions at issue." *Id.* (citations omitted). If the ALJ "discounts the physician's opinion after considering these factors," a reviewing court "must allow that decision to stand so long as the ALJ minimally articulated his reasons" for doing so. *Id.* (internal quotation marks and alteration omitted). This is a "very deferential standard," *id.*, but even so, a court must assure itself that the ALJ "offer[ed] 'good reasons' for discounting [the] treating physician's opinion." *Campbell v. Astrue*, 627 F.3d 299, 306 (7th Cir. 2010) (citation omitted).

With regard to Dr. Bush, his opinion indicates that Mr. Holloway had significant limitations, including that he could only sit for two hours at a time for a total of four hours in an eight-hour workday, he could not lift over ten pounds, he could not do any "bending, twisting, overhead work or [have] exposure to vibration," and his "[e]ndurance was limited by medical comorbidities." [Filing No. 47-8 at 91-92.] Although the ALJ found Dr. Bush's opinion consistent with his decision and the other medical opinions, he also concluded that Dr. Bush's opinion "does not address the period that is prior to the established onset date of February 1, 2009." [Filing No. 47-8 at 131-32.] The Court is troubled by this finding because although the opinion does not indicate when Mr. Holloway began experiencing those impairments, Dr. Bush does not affirmatively state, and so the ALJ cannot be certain, that Mr. Holloway experienced those impairments after the established onset date of February 2009. Thus, the Court finds that the ALJ was speculating he assumed that the opinion, because it was recorded one year after the established

8

onset date, does not relate to the material period. *See Clifford*, 227 F.3d at 870 (holding that an ALJ must not substitute his or her own judgment for a physician's opinion without relying on other medical evidence or authority in the record).

The only assessment the ALJ provides regarding the medical evaluations from July 2007, August 2007, and May 2009 is that "Dr. Strock's" evaluations are in a checkbox format without explanation and one inconsistent with "the above-mentioned diagnostic and clinical findings indicating an impaired left upper extremity only." [Filing No. 47-8 at 134.] The Court finds several problems with the ALJ's analysis. First, the ALJ mistakenly states that the three evaluations were completed by Dr. Strock, when in fact the two evaluations from 2007 were completed by Dr. Thomas, and the last one was completed by Dr. Strock. The Commissioner in a footnote acknowledges this mistake and claims that despite this error, the ALJ accurately described the opinions, [Filing No. 59 at 3], but the ALJ neither describes the findings from the evaluations nor discusses why they are inconsistent with the record. Second, according to the Seventh Circuit Court of Appeals, "[a]lthough by itself a check-box form might be weak evidence, the form takes on greater significance when it is supported by medical records," *Larson v. Astrue*, 615 F.3d 744, 751 (7th Cir. 2010). However, as noted, the ALJ did not evaluate or compare the information in the evaluations with other evidence in the record. The Commissioner attempts to make *ad hoc* arguments by describing the evaluations' findings to explain the ALJ's reasoning, but the ALJ does not discuss these findings in his decision. *See Parker v. Astrue*, 597 F.3d 920, 922-23 (7th Cir. 2010) (emphasizing that it violates the *Chenery* doctrine for the Commissioner to defend the ALJ's decision on grounds that the ALJ has not embraced) (citing *SEC v. Chenery Corp.*, 318 U.S. 80, 87-88 (1943)). Thus, the Commissioner's observations will not be considered as a basis to affirm the ALJ's decision. Lastly, when determining what weight to give Dr. Thomas' July 2007

9

and August 2007 evaluations and Dr. Strock's May 2009 evaluation, the ALJ fails to discuss the required "checklist of factors," including the length, nature, and extent of the physician and claimant's treatment relationship. *Larson*, 615 F.3d at 751; 20 C.F.R. § 404.1527(d)(2). Thus, the Court finds that the ALJ failed to adequately analyze the opinions of Dr. Strock, Dr. Thomas,[3] and Dr. Bush, and must do so on remand.

### B. Substantial Evidence

Mr. Holloway argues that "substantial evidence fails to support the ALJ's erroneous Step [F]ive [ ] determination that [Mr.] Holloway was not disabled because he could perform some jobs." [Filing No. 53 at 20.] He argues that "[t]he ALJ cited no evidence that he could stand two hours out of eight hours" and "ignored Dr. Bush's statement that his standing/walking was limited to 1 hour in an 8 hour workday." [Filing No. 53 at 20.]

The Commissioner responds that the ALJ posed a hypothetical question to the vocational expert that included all the evidence, and that he accommodated those limitations into the RFC. [Filing No. 59 at 19-20.] The Commissioner argues that Mr. Holloway's argument regarding his "documented impairments" is vague. [Filing No. 59 at 20.] The Commissioner further claims that the ALJ did consider Dr. Bush's opinion that Mr. Holloway was disabled since February 2009, and that the opinion gave no indication that it related to his limitations before this date. [Filing No. 59 at 20.]

In reply, Mr. Holloway argues that Dr. Thomas' evaluation from July 2007 indicated that he could only work "intermittently" or in a "less than full time[] schedule." [Filing No. 60 at 5.]

---

[3] The Court acknowledges that Mr. Holloway in his opening brief does not specifically challenge the ALJ's failure to address Dr. Thomas' evaluations. However, Mr. Holloway does argue that the ALJ failed to consider the evaluations that found Mr. Holloway was "totally disabled *three* times," [Filing No. 53 at 17 (emphasis added)], which the Court believes refers to Dr. Thomas' July 2007 and August 2007 evaluation forms, and Dr. Strock's May 2009 evaluation form.

Mr. Holloway argues that the Commissioner does not explain why the ALJ failed to include Mr. Holloway's "quite severe chronic pain impairments in the hypothetical question presented to the vocational expert." [Filing No. 60 at 5.] He claims that when the ALJ presented a question to the vocational expert with this limitation, the vocational expert testified that there would be no jobs for Mr. Holloway. [Filing No. 60 at 5.] Lastly, Mr. Holloway argues that the "ALJ's hypothetical w

The SSA must consider all evidence in the case record when determining whether an individual is disabled. 20 C.F.R. § 404.1520(a)(3). "In determining an individual's RFC, the ALJ must evaluate all limitations that arise from medically determinable impairments, even those that are not severe, and may not dismiss a line of evidence contrary to the ruling." *Villano*, 556 F.3d at 563; *see* SSR 96-8p. The ALJ must connect the evidence to the conclusion through an accurate and logical bridge. *Stewart v. Astrue*, 561 F.3d 679, 684 (7th Cir. 2009).

Mr. Holloway appears to argue that sufficient evidence does not support the ALJ's determination that Mr. Holloway was not disabled during the material period. The only specific evidence that Mr. Holloway points to are the opinions of Dr. Bush and (in reply) Dr. Thomas, and he argues that the ALJ did not adequately consider the limitations from those opinions. However, the Court has already determined that remand is required for the ALJ to properly determine whether Mr. Holloway experienced the impairments described in Dr. Bush's opinion prior to the established onset date. To the extent that the ALJ finds that Mr. Holloway did, the ALJ must incorporate those limitations into his RFC determination for the material period of time. Moreover, the Court also determined above that the ALJ on remand must adequately analyze Dr. Thomas' July 2007 and August 2007 evaluations. Thus, to the extent that those evaluations demonstrate that Mr. Holloway was more limited during the material period, ALJ must also

incorporate those limitations into the RFC determination. For these reasons, the Court reverses and remands the decision of the ALJ.

### C. Other Issues

Mr. Holloway argues that the ALJ "appears to be basing his medical 'opinion' on the lack of 'objective medical evidence,' stating that 'I have carefully considered the claimant's subjective complaints and the statements from his witness.'" [Filing No. 53 at 18.] He further argues that the ALJ's "conclusory rejection of the claimant's allegations of disability because [it is] supposedly unsupported by objective medical evidence is reversible error." [Filing No. 53 at 18.] Lastly, Mr. Holloway argues that the ALJ "fail[ed] to give full consideration to all [his] documented impairments . . . ." [Filing No. 53 at 20.] These arguments are vague, unfounded, and do not cite to the record. Thus, the Court finds they are waived. *See, e.g., Powell v. Colvin*, 2014 WL 69775, at *5 (S. D. Ind. 2014) (finding waiver when claimant "makes no attempt to cite to the record").

## IV.
### CONCLUSION

For the reasons stated herein, the Court **VACATES** the ALJ's decision denying Mr. Holloway supplemental security income during the material period and **REMANDS** this matter for further proceedings consistent with this opinion pursuant to 42 U.S.C. § 405(g) (sentence four). Judgment shall issue accordingly.

Date: 03/06/2017

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Patrick Harold Mulvany
patrick@mulvanylaw.com

Kathryn E. Olivier
UNITED STATES ATTORNEY'S OFFICE
kathryn.olivier@usdoj.gov

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov